**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOSEPH CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-0514-DFH-DML |
| | ) | |
| MARTA HOHMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. A separate order for the collection of the filing fee as required by 28 U.S.C. § 1915(b) is being issued.

2. "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). The complaint is subject to this screening requirement.

3. Certain claims in the complaint brought pursuant to 42 U.S.C. § 1983 are dismissed as legally insufficient pursuant to 28 U.S.C. § 1915A(b) because the allegations associated with those claims fail to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The claims dismissed as legally insufficient are the following:

    a. The claim against all the defendants in their official capacities is dismissed based on Indiana's Eleventh Amendment immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

    b.    The claim that any of the conduct alleged in the complaint violated the Eighth Amendment's proscription against the imposition of cruel and unusual punishments is dismissed because conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). Nothing in the complaint's allegations remotely suggests such a deprivation. *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

    c.    The claims against defendants Kyle Shore, Jennifer French, Jeff Wrigley, Burke, Scott Kolodachak, Barry Holder, Sgt. Thompson, and John Doe are dismissed because there is no allegation in the complaint that these defendants personally deprived the plaintiff of any federally secured right. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . .§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

    4.    The claim against Ms. Hohman does not suffer from remoteness as to causation, but is vulnerable to dismissal for another reason, because "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). Specifically, the plaintiff alleges that Ms. Hohman was responsible for the filing of a report of misconduct which resulted in a disciplinary proceeding and the imposition of sanctions. According to the complaint, those sanctions included the deprivation of earned good time, which in turn has the effect of lengthening the anticipated duration of the plaintiff's confinement. The plaintiff seeks the restoration of these sanctions. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Accordingly, the claims against Ms. Hohman here are dismissed without prejudice insofar as those claims are based on actions attributed to this defendant which resulted in the imposition of a sanction which lengthened the anticipated duration of the plaintiff's confinement.

     5.    No partial final judgment shall issue at this time as to the claims resolved in this Entry.

     6.    The plaintiff shall have **through July 6, 2009,** in which to identify any claim asserted against Ms. Hohman which is not dismissed in paragraph 4 of this Entry, and shall show the facial plausibility of any such claim. The plaintiff is notified in connection with these directions that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

     So ordered.

                                                           DAVID F. HAMILTON, Chief Judge
                                                           United States District Court

Date:   6/9/2009

Distribution:

Joseph Cannon
DOC 994681
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362